BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUN -4 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE FOTOMAT FRANCHISEE ) DOCKET NO. 204
LITIGATION )

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation is comprised of five actions pending in three different districts: three in the Western District of Missouri, one in the Southern District of Indiana and one in the Southern District of California. Plaintiffs in each action are franchisees of the Fotomat Corporation and allege that Fotomat, the sole defendant, violated the federal antitrust laws in the course of the franchise relationships through tying arrangements, price fixing and other illegal activities. In addition, plaintiffs allege that defendant breached the franchise agreements, breached its fiduciary duty to the franchisees and committed common law conversion, fraud and deceit.

Defendant Fotomat moves the Panel for an order, pursuant to 28 U.S.C. §1407, transferring the four actions pending in districts other than the Southern District of California to

---

\*   Although Judge Wisdom was not present at the hearing, he has, with the consent of all parties, participated in this decision.

that district for coordinated or consolidated pretrial proceedings with the action pending there. All plaintiffs oppose transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

Defendant Fotomat contends that these actions share common questions of fact concerning its pricing and merchandising policies and its business relations with the franchisees. Thus, it argues that transfer of all actions to a single district is necessary in order to prevent duplicative discovery and the possibility of inconsistent pretrial decisions.

Frankly, we are simply not persuaded by defendant's arguments and, instead, are inclined to agree with plaintiffs' contention that the various complaints raise factual issues predominantly unique to each plaintiff's relationship with defendant, notwithstanding the similarity of the legal issues. But even assuming that some common factual nexus exists among these actions, we are satisfied that with respect to this particular litigation the overall convenience of the parties and witnesses and the just and efficient conduct of the litigation will not necessarily be enhanced by a Section 1407 transfer.

Discovery directed toward each plaintiff will be unique whether or not we transfer these actions. And any possibility of duplicative discovery relating to defendant Fotomat can easily be avoided since plaintiffs represented to us that they have already embarked on coordinated discovery efforts and will continue to do so whenever the need arises. Specifically, plaintiffs informed us that they have planned for joint examination of defendant's records. Also, if there is ever any mutual need for a particular deposition, we suggest that plaintiffs file notices of that deposition in all three district courts involved, thereby making it applicable in each jurisdiction. Moreover, the parties could stipulate that all discovery may be used in every action, which seems especially workable here because all parties have expressed a willingness to streamline pretrial proceedings. Thus, suitable alternatives to Section 1407 transfer are available.

Furthermore, relatively few actions are involved in this litigation and counsel advise us that the filing of additional actions is unlikely. Our denial of transfer, however, is without prejudice to the right of any party to seek Section 1407 treatment at a later time, should additional actions be filed. See In re SCM Photocopy Paper Antitrust Litigation, 305 F. Supp. 60, 62 (J.P.M.L. 1969); In re Trucking Industry Employment

<u>Practices Litigation</u>, 384 F. Supp. 614, 616 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED without prejudice to the right of any party to move for transfer at a later date, should additional actions be filed.

| SCHEDULE A | DOCKET NO. 204 |
|---|---|
| **SOUTHERN DISTRICT OF INDIANA** | |
| Photovest Corp. v. Fotomat Corp. | Civil Action No. IP-74-705-C |
| **SOUTHERN DISTRICT OF CALIFORNIA** | |
| James C. Glover, et al. v. Fotomat Corp. | Civil Action No. 74-539-E |
| **WESTERN DISTRICT OF MISSOURI** | |
| Arthur E. Stutz, et al v. Fotomat Corp. | Civil Action No. 75CV59-W-2 |
| Donald M. Ogilvie v. Fotomat Corp. | Civil Action No. 75CV60-W-1 |
| Griesedieck Enterprises, No. 1, Inc., et al. v. Fotomat Corp. | Civil Action No. 75CV61-W-2 |